Andrew J. Di Paola, J.
In this action the plaintiffs, asserting that they sustained injuries on August 23, 1970, in an incident involving a 1961 Pontiac registered under number 3788HV in the name of the defendant Jane P. Meyers and driven at the time by the defendant Lanario, seek a declaration (1) that the defendant Newark Insurance Company, alleged insurer of defendant Meyers, under an assigned risk policy is obligated to defend the claim in behalf of the defendant Meyers, or (2) that they be permitted to submit their claims for injuries to defendant Nationwide Insurance Company under the uninsured motor vehicle indorsement in its policy covering their vehicle.
Mrs. Meyers had been an insured of Newark under a policy issued in 1969 upon an application dated August 12, 1969, and *587 effective August 15, 1969, covering a 1964 Pontiac. On May 16, 1970, there was a change of vehicle to a 1961 Pontiac. In August, 1970, the policy was renewed but was canceled for nonpayment of premium the following October. Newark’s resistance to liability is based not upon nonpayment of premium but upon fraud.
It asserts and Mrs. Meyers testified that she was not the owner of a 1961 Pontiac at any time, that the change of the original policy to cover that car was without her authority or knowledge, that she did not register such a vehicle and that she did not apply for premium financing of the renewal policy. It is undisputed that the application for such financing was not signed by her nor was the application for the registration of the 1961 vehicle. It may be that her husband from whom she is now separated and who drove the 1961 Pontiac which she thought was his, was the person instigating issuance of registration and renewal of insurance. It is unnecessary to determine who did so — it is sufficient for present purposes to know that Mrs. Meyers did not. At the same time, it may be noted that she did not return or question the notices of renewal and of premiums due which were sent to her address.
Newark made no investigation of the applicant for insurance even though inquiry might have been suggested by the fact that the application showed the owner had only a learner’s permit and more pointedly by the failure to compare signatures on the original application for insurance and on the latter application and financing agreement.
Newark’s disclaimer is predicated on the theory that Mrs. Meyers’s denial of ownership establishes her lack of an insurable interest. In Aetna Cas. & Sur. Co. v. Garrett (31 A D 2d 710, affd. 26 N Y 2d 729) the defendant Garrett who was the owner of record and insured claimed he was not the true owner of the vehicle but merely fronting for the true owner Daniels. The carrier argued that it was justified in canceling its policy for lack of insurable interest. The plaintiff prevailed. The plain lesson to be drawn from this and other cases, such as Aetna Cas. & Sur. Co. v. O’Connor (8 N Y 2d 359); Teeter v. Allstate Ins. Co. (9 A D 2d 176, affd. 9 N Y 2d 655); and Allstate Ins. Co. v. Matthews (40 Misc 2d 409), is that “ there is a public interest in the insurance policy "which may exceed the interest of the parties to the contract” (Reliance Ins. Co. v. Daly, 38 A D 2d 715, 716), preventing rescission ab initio.
The plaintiffs are entitled to judgment declaring that Newark Insurance Company is obligated to defend the claims made by *588 the plaintiffs against the individual defendants and if they recover thereon to payment, in • accordance with the terms of policy NDB 24958 and the defendant Nationwide Insurance Company is entitled to judgment that the claims of the plaintiff arising out of the incident are not subject to arbitration with or claim against it.
Settle judgment on notice, with taxable costs and disbursements to plaintiff against the defendant Newark Insurance Company;